UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ERIC J MAPES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:19-cv-00691-JMS-TAB |
| | ) |
| THE STATE OF INDIANA, | ) |
| TERRY CURRY, | ) |
| INDIANAPOLIS METROPOLITAN POLICE | ) |
| DEPARTMENT, | ) |
| MARION COUNTY, | ) |
| TIMOTHY OTSU, | ) |
| CVS, | ) |
| | ) |
| Defendants. | ) |

**ENTRY**

Pending before the Court are *pro se* Plaintiff Eric Mapes' Complaint, [Filing No. 1], Motion to Proceed In Forma Pauperis, [Filing No. 2], Motion to Appoint Effective Counsel and Stay ""American's With Disabilities Act Accommodation Request"" [sic], [Filing No. 3], and Motion to Amend and Affidavit, [Filing No. 7]. This Entry first addresses Mr. Mapes' Motion to Proceed In Forma Pauperis, then screens his Complaint pursuant to 28 U.S.C. § 1915(e)(2), considers his request for counsel and Motion to Amend, and directs further proceedings.

**I.**
**MOTION TO PROCEED IN FORMA PAUPERIS**

28 U.S.C. § 1915(a) permits the Court to authorize a party to file a lawsuit "without prepayment of fees" if the party "submits an affidavit" including a statement of the party's assets. 28 U.S.C. § 1915(a)(1). Mr. Mapes appears to have used just the first page of the form motion from the Northern District of Indiana, where this matter was originally filed, followed by two screenshots of additional financial documentation. [*See* Filing No. 2.] Missing, however, is any

signed affidavit or declaration under penalty of perjury. *See id.* (requiring "affidavit" in support); *id.* § 1746 (explaining that signed declaration may substitute for affidavit); Fed. R. Civ. P. 11(a) (explaining that filings must be verified if specifically required by "rule or statute"). The Court therefore **DENIES WITHOUT PREJUDICE** Mr. Mapes' Motion to Proceed In Forma Pauperis. [Filing No. 2.] Mr. Mapes may renew his Motion by filling out and submitting the complete form available on the Southern District of Indiana's website and attached hereto, which contains a space for a signed declaration under penalty of perjury on the final page.

## II.
### SCREENING

### A. Screening Standard

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held "to a less stringent standard than formal pleadings drafted by lawyers." *Perez v. Fenoglio,* 792 F.3d 768, 776 (7th Cir. 2015) (internal quotation omitted).

### B. Complaint

Mr. Mapes raises a litany of allegations against a variety of defendants. Insofar as the Court can discern, the document labelled "Complaint" appears to raise a claim under the Americans with Disabilities Act ("ADA") premised upon CVS's refusal to allow him to pick up a "MoneyGram" money transfer. [Filing No. 1 at 2.] The Complaint next alleges that police responded to a call from CVS staff and perhaps falsely arrested Mr. Mapes and used excessive force in arresting him. [Filing No. 1 at 2.] Finally, the Complaint alleges that "guards" at the Marion County Jail assaulted Mr. Mapes and that Mr. Mapes was not provided proper medical treatment. [Filing No. 1 at 2-3.]

The untitled document which follows Mr. Mapes' Complaint, however, contains sporadic and nearly incomprehensible allegations in single-spaced blocks of text. The first two pages describe Mr. Mapes' discussions with various local Marion County officials concerning Mr. Mapes' alleged disabilities and alleged harassment by Indianapolis Metropolitan Police Department ("IMPD") officials. [Filing No. 1 at 4-5.] Next, the document alleges that CVS caused Mr. Mapes to be arrested and face charges of criminal trespass because of his disabilities. [Filing No. 1 at 5.] The document then alleges that IMPD caused a social worker to contact Mr. Mapes who "harass[ed]" him. [Filing No. 1 at 6.] Most of the remainder of the document's allegations are beyond comprehension, though it appears that Mr. Mapes alleges that the State of Indiana libeled and defamed him and then again suggests that the Marion County Jail treated him improperly. [Filing No. 1 at 7-12.]

### C. Discussion

To the extent Mr. Mapes intended the untitled document attached to his Complaint to serve as part of his Complaint, the Court must reject it under Rule 8, which requires a complaint to

3

contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The document contains copious amounts of extraneous quotations and citations to case law, statutes, the Constitution, and assorted regulatory materials. This material, combined with the scattershot nature of the factual allegations, makes it extremely difficult to ascertain the basis for Mr. Mapes' allegations.

To ensure the orderly development of this action, the Court will analyze Mr. Mapes' allegations as presented so as to enable Mr. Mapes to file as clear and concise an Amended Complaint as possible. First, the Court understands Mr. Mapes to be raising a claim under Title III of the ADA, which "prohibit[s] public accommodations from discriminating against individuals because of their disabilities." PGA Tour, Inc. v. Martin, 532 U.S. 661, 681-82 (2001) (citing 42 U.S.C. § 12182(a)); see 42 U.S.C. § 12181(7)(F) (providing that a pharmacy is considered a public accommodation). But Mr. Mapes does not allege any facts that would allow for the reasonable inference that he was refused services because of his disability. Instead, his Complaint alleges that he is disabled and that CVS refused to serve him. In his Amended Complaint, Mr. Mapes should set forth what happened during the incident and the facts that support his belief that CVS refused to serve him because of his disability.

Second, Mr. Mapes fails to identify who is responsible for any false arrest or excessive force. The IMPD and Marion County may not be held vicariously liable for the allegedly unconstitutional actions of its officers or jail guards under § 1983, and none of Mr. Mapes' allegations suggest that the IMPD or Marion County may be held directly liable for having an unconstitutional policy, practice, or procedure. Cf. Doe v. Vigo Cnty., 905 F.3d 1038, 1044-45 (7th Cir. 2018).

4

Third, at times Mr. Mapes suggests that he is challenging a state court proceeding for criminal trespass or a restraining order requiring Mr. Mapes to stay away from CVS stores. [Filing No. 1 at 19.] Mr. Mapes may not "appeal" a state court decision in a federal lawsuit. *4901 Corp. v. Town of Cicero*, 220 F.3d 522, 527 (7th Cir. 2000). If the proceedings in state court are ongoing, then his claims are subject to *Younger* abstention because "federal jurisdiction would intrude into ongoing state criminal proceedings" or "civil enforcement proceedings . . . akin to criminal prosecutions." *Mulholland v. Marion Cnty. Election Bd.*, 746 F.3d 811, 815 (7th Cir. 2014). If the proceedings have concluded, then they are subject to dismissal under the *Rooker Feldman* doctrine which "precludes lower federal court jurisdiction over claims seeking review of state court judgments or over claims that are inextricably intertwined with state court determinations." *4901 Corp.*, 220 F.3d at 527 (internal quotation omitted). Mr. Mapes may not reallege any claim challenging the state court proceedings for criminal trespass or the "stay away" order.

Fourth, it is unclear what claim Mr. Mapes brings against prosecutor Terry Curry, but to the extent Mr. Mapes alleges that Mr. Curry improperly brought criminal or civil restraining proceedings against him, those claims are barred by prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335 (2009). Mr. Mapes may not reallege any claims based upon Mr. Curry's prosecutorial decisions.

Fifth, Mr. Mapes lists the State of Indiana, Marion County, and Timothy Otsu as defendants, but fails to allege what any of these defendants did to harm him. Mr. Mapes' vague complaints that the State of Indiana "libeled" him and that Mr. Otsu "harassed" him do not state a claim to relief.

Sixth, Mr. Mapes is advised that "[u]nrelated claims against different defendants belong in different suits." *UVM Student Ass'n v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (internal quotation

5

omitted). A party may only join defendants if the claims against them "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A); *Mitchell v. Kallas*, 895 F.3d 492, 502-03 (7th Cir. 2018) (explaining that courts sever "'omnibus' complaints . . . that raise claims about unrelated defendants"). Here, Mr. Mapes appears to allege claims including an incident at the CVS, improper treatment at the Marion County Jail, and more general improper conduct by the IMPD and others. These claims are legally unrelated to one another. In his Amended Complaint, Mr. Mapes should allege only claims that meet the standard for joinder set out above. Any additional, unrelated claims must be brought, if at all, in a separate lawsuit.

Finally, in his Amended Complaint Mr. Mapes shall not discuss cases, statutes, constitutional provisions, or regulations beyond a citation explaining the basis for a particular cause of action. A pleading is not the appropriate place for Mr. Mapes to argue the merits of his case. Rather, the purpose is to set forth, in a "short and plain statement," what happened, who took the alleged actions, and what Mr. Mapes wants as relief. *See* Fed. R. Civ. P. 8(a). If Mr. Mapes complies with this instruction and files an Amended Complaint setting forth allegations as to who did what and how it violated his rights, the Court will then screen the Amended Complaint for legal sufficiency under 28 U.S.C. § 1915(e)(2). But if Mr. Mapes again files a document discussing various case law and constitutional provisions and airing general grievances that do not pertain to his specific claims in this case, the Court will dismiss his case with prejudice.

### III.
### REMAINING MOTIONS

The Court **DENIES** Mr. Mapes' Motion to Appoint Effective Counsel, [Filing No. 3], for three reasons. First, the Court may not appoint counsel, but may only attempt to recruit counsel for *pro se* litigants in appropriate circumstances. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir.

2010); 28 U.S.C. § 1915(e)(1) Second, appointment of counsel would be premature. Mr. Mapes has yet to file a viable complaint and process has not been issued to Defendants. The Seventh Circuit has held that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged." *Kadamovas v. Stevens,* 706 F.3d 843, 845 (7th Cir. 2013). Finally, like his Complaint, Mr. Mapes' request for counsel is difficult to parse. Mr. Mapes may renew his Motion after his complaint has been screened and defendants have responded by using the form found on the Court's website and attached to this Entry.

Also contained within Mr. Mapes' Motion is a request for a stay. But as of now, Mr. Mapes does not have an operative complaint in this matter, and Mr. Mapes' filing provides no legitimate basis for a stay. The Court therefore **DENIES** Mr. Mapes' request for a stay.

Finally, the Court **DENIES** Mr. Mapes' Motion to Amend. [Filing No. 7.] While it is unclear based on this filing what it is that Mr. Mapes is attempting to amend, the Court has already provided Mr. Mapes with an opportunity to file a clean, concise Amended Complaint which contains allegations supporting only the related claims he wishes to pursue in this matter. His Motion to Amend is therefore unnecessary.

## IV.
### FURTHER PROCEEDINGS

As explained above, the Court **DENIES WITHOUT PREJUDICE** Mr. Mapes' Motion for Leave to Proceed In Forma Pauperis [2], **DISMISSES** his Complaint with leave to amend, **DENIES WITHOUT PREJUDICE** his Motion to Appoint Effective Counsel [3], **DENIES** his request for a stay, and **DENIES** his Motion to Amend [7].

Mr. Mapes may file an Amended Complaint which complies with Rule 8 on or before **March 22, 2019**. The Amended Complaint must contain allegations which arise out of the same transaction, occurrence, or series of transactions or occurrence and may not allege any claims

7

challenging his state-court proceedings. Mr. Mapes shall also file a renewed motion for leave to proceed in forma pauperis using the attached form or pay the full $400 filing fee on or before **March 22, 2019**.

The failure to file an Amended Complaint and either pay the filing fee or file a renewed motion for leave to proceed in forma pauperis by the March 22, 2019 deadline will result in the dismissal of this action without further notice or opportunity to show cause. Because Mr. Mapes has not alleged viable claims, no summons shall issue at this time.

Date: 2/21/2019

*Jane Magnus-Stinson*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution**:

ERIC J MAPES
4822 E Michigan St #4
Indianapolis, IN 46201